**ALASKA RIGHT TO LIFE POLITICAL ACTION COMMITTEE, et al., Plaintiffs,**

v.

**Jeffrey FELDMAN, et al., Defendants.**

**No. A04–0239 CV (RRB).**

United States District Court,
D. Alaska.

Aug. 2, 2005.

## ORDER REGARDING CROSS–MOTIONS FOR SUMMARY JUDGMENT

BEISTLINE, District Judge.

## I. INTRODUCTION

Before the Court are Plaintiffs Alaska Right to Life Political Action Committee and Michael W. Miller ("Plaintiffs") with a Motion for Preliminary Injunction (Docket No. 2), which has since been converted to a Motion for Summary Judgment (Docket No. 54). Plaintiffs argue Canons 5B(1)(d)(i) and (ii) and 3E(1) of the Alaska Code of Judicial Conduct, as well as the Alaska Commission on Judicial Conduct's enforcement policy of these canons, "violate [their] rights under the First and Fourteenth Amendments of the United States Constitution."[1] Defendants Jeffrey M. Feldman, *et al.* ("Defendants") oppose and argue, by way of a Motion for Summary Judgment (Docket No. 40), that the Court should dismiss Plaintiffs' Complaint (Docket No. 1), with prejudice, under Fed. R.Civ.P. 12(b) and (c) and Fed.R.Civ.P. 56(b) because: (1) Plaintiffs lack standing to bring this First Amendment challenge against Canon 5A(3)(d) and Canon 3E(1); (2) the matter is not ripe for determination; (3) abstention is appropriate under the *Pullman* abstention doctrine; and (4) the challenged canons are constitutional.[2]

---

1.  Clerk's Docket No. 2 at 2.

2.  Clerk's Docket No. 40 at 1–2.

## II. FACTS

Inasmuch as the facts are well known to the parties, and more than substantially briefed within the applicable pleadings, they are not repeated herein except as necessary. In short, the issue before the Court is whether a judge in Alaska who is standing for retention may be prohibited by the Alaska Code of Judicial Conduct from responding to questionnaires or surveys.

## III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[3] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[4] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[5] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[6] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.

3. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

4. *Id.* at 323–325, 106 S.Ct. 2548.

5. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–9, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

6. *Id.* at 255, 106 S.Ct. 2505.

## IV. DISCUSSION

### A. Plaintiffs are "properly before the Court." [7]

Having thoroughly reviewed the United States Supreme Court's decision in *Republican Party of Minnesota v. White,* 536 U.S. 765, 122 S.Ct. 2528, 153 L.Ed.2d 694 (2002), in combination with the lower courts' persuasive decisions in *Family Trust Foundation of Kentucky, Inc. v. Wolnitzek,* 345 F.Supp.2d 672 (E.D.Ky. 2004), and *North Dakota Family Alliance, Inc. v. Bader,* 361 F.Supp.2d 1021 (D.N.D. 2005), the Court concludes: (1) "Plaintiffs have demonstrated a sufficient basis to establish standing and invoke federal jurisdiction"[8]; (2) that this case falls within the exception to the mootness doctrine because it is the type of case that is capable of repetition yet evading review; (3) Plaintiffs' injuries appear to be ripe for adjudication; and (4) abstention is neither warranted nor appropriate under the circumstances.[9]

### B. Canon 5A(3)(d)(i) and (ii) of the Alaska Code of Judicial Conduct violates the First Amendment of the Constitution.

Canon 5A(3)(d)(i) and (ii) of the Alaska Code of Judicial Conduct provides that a candidate for a judicial office shall not "make pledges or promises of conduct in judicial office other than to faithfully and impartially perform the duties of the office" or "make statements that commit or appear to commit the candidate to a partic-

7. Clerk's Docket No. 40 at 4.

8. *North Dakota Family Alliance, Inc. v. Bader,* 361 F.Supp.2d 1021, 1033 (D.N.D.2005).

9. Although *North Dakota Family Alliance, Inc. v. Bader,* 361 F.Supp.2d 1021 (D.N.D. 2005), is not authoritative, the Court notes it is *particularly* persuasive given the facts and arguments presented herein.

ular view or decision with respect to cases, controversies or issues that are likely to come before the court."

■ The Court concludes the "pledges and promises clause" and the "commitment clause" found in the Alaska Code of Judicial Conduct, when viewed as mandatory as opposed to advisory, prohibit the same type of constitutionally-protected speech guaranteed by the United States Supreme Court in *Republican Party of Minnesota v. White*, 536 U.S. 765, 122 S.Ct. 2528, 153 L.Ed.2d 694 (2002). As a result, the Court concludes Canon 5A(3)(d)(i) and (ii) of the Alaska Code of Judicial Conduct: (1) impermissibly prohibits judges standing for retention from announcing their views on disputed political, legal, and social issues; and (2) "impermissibly burdens free speech *and* violates the First Amendment of the Constitution."[10] Simply stated, Canon 5A(3)(d)(i) and (ii), while arguably setting forth laudable standards, is not necessary to achieve the State's objective of ensuing impartiality of judges.[11] Canon 3E(1) of the Alaska Code of Judicial Conduct, however, is.

### C. Canon 3E(1) of the Alaska Code of Judicial Conduct survives Plaintiffs' constitutional challenge.

Canon 3E(1) of the Alaska Code of Judicial Conduct provides in relevant part:

E. Disqualification.

(1) Unless all grounds for disqualification are waived as permitted by Section 3F, a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during their association as a lawyer concerning the matter, or the judge has been a material witness concerning it;

(c) the judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent, or child wherever residing, or any other member of the judge's family residing in the judge's household:

(i) has an economic interest in the subject matter or controversy, or

(ii) is employed by or is a partner in a party to the proceeding or a law firm involved in the proceeding, or

(iii) has any other, more than de minimis interest that could be substantially affected by the proceeding, or

(iv) is likely to be a material witness in the proceeding;

(d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) is a party to the proceeding or is known by the judge to be an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have a more than de minimis interest that could

---

**10.** *Bader,* 361 F.Supp.2d at 1042 (emphasis added). That Alaska's retention elections differ from partisan elections is of little consequence. Indeed, the Court recognizes that it is highly conceivable that a judge standing for

retention has yet to hear a case containing any and/or all issue(s) raised in Plaintiffs' questionnaire(s).

**11.** *Id.* at 1044.

be substantially affected by the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

 In summary, "[w]hen a judge may have a particular bias or prejudice, the recusal provisions require the judge to remove himself or herself from the case."[12] More specifically, "a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...."[13] Without further analysis, the Court concludes this canon is narrowly tailored to serve a compelling State interest, i.e., it offers assurance to parties that the judge will apply the law in the same manner that would be applied to any other litigant. Consequently, it survives Plaintiffs' constitutional challenge. In finding that Canon 3E(1) passes constitutional muster, the Court echos the *Bader* decision in that "[t]here is no question that an impartial judge is critical to due process and the administration of justice."[14]

## V. CONCLUSION

For the aforesaid reasons, and for reasons more carefully set forth in the parties' well-articulated pleadings, Plaintiffs' Motion for Summary Judgment (Docket No. 2) is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' Motion for Summary Judgment (Docket No. 40) is **GRANTED IN PART** and **DENIED IN PART**.

In reaching this decision, the Court wishes to make clear that there is nothing contained herein that requires any judge

**12.** 361 F.Supp.2d at 1044.

**13.** Alaska Code of Judicial Conduct, Canon 3E(1).

**14.** 361 F.Supp.2d at 1043.

**15.** *Id.* at 1044–45.

**16.** The Court notes that when the United States Supreme Court was recently faced with

standing for retention to respond to any questionnaires or surveys.[15] Indeed, there may be good reason not to do so, but this is a matter that is better left to the sound discretion of each judge.[16]

challenges to the U.S. Sentencing Guidelines in the case of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Court simply made the controversial provisions advisory, as opposed to mandatory. Whether or not such an approach would be legal and proper in the present context is unresolved.